## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED
AUG - 4 2025
CLERK

### I. PARTIES

1. Plaintiff, Ronny Eason, is an adult resident of Livingston Parish, Louisiana, residing at 35980 Cane Market Rd, Apt 5E, Denham Springs, LA 70706.

2. Defendant, Progressive Insurance, operates a regional office located at 4415 American Way, Ste 150, Baton Rouge, LA 70816, where the alleged discrimination occurred.

3. Defendant, Progressive Casualty Insurance Company (Corporate Office), is a national insurance company headquartered at 6300 Wilson Mills Road, Mayfield Village, OH 44143, and may be served through its registered agent.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

5. Venue is proper in this Court because the unlawful employment practices were committed within this judicial district.

### III. FACTUAL BACKGROUND

6. Plaintiff was employed by Progressive Insurance at their Baton Rouge location beginning on or about September 28, 2023, in the role of Managed Repair Representative (Field Adjuster).

7. From the beginning of employment, Plaintiff was informed that it would take a year to fully understand the duties of the position. However, Plaintiff was not provided the same opportunities for growth and support as other colleagues, particularly due to her gender and religious expression, including her choice to wear dresses rather than jeans. Plaintiff believes she was also unfairly judged and scrutinized because she did not fit the stereotypical image of a field adjuster, particularly due to her choice to wear dresses.

8. After completing training near the end of December 2023, Plaintiff took a brief vacation three weeks later. Upon return, Plaintiff was immediately placed back into training and, on the same day of completing that second round of training, was placed on a coaching plan— actions that were not consistent with Progressive's standard training timelines and demonstrated disparate treatment.

9. Plaintiff endured derogatory comments regarding her dress and religious expression, including suggestions that she should wear jeans instead of skirts. Management failed to take any corrective action when these comments were reported, contributing to a hostile and discriminatory workplace.

10. In one alarming incident, Plaintiff witnessed a male employee stand and threaten a female coworker in the office. Despite the severity of the situation, no supervisor or manager intervened. Shocked by the inaction, Plaintiff spoke up and questioned leadership, stating, 'Are you serious? Are you not going to do anything about this?'

11. When the female employee left to use the restroom, Plaintiff followed her to check on her well-being out of concern. This act of compassion was later met with retaliation. Plaintiff was further targeted by management, including a fabricated disciplinary warning used by her supervisor in a 30-minute meeting designed to pressure her to resign. Plaintiff never signed this warning and considers it a false document used as leverage.

12. Despite ongoing complaints and a detailed letter to Human Resources, neither the Baton Rouge office nor Progressive's corporate office took corrective action, thereby enabling continued discrimination and retaliation.

## IV. CLAIMS FOR RELIEF

13. Defendant's actions constitute discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964.

14. Defendant further discriminated against Plaintiff on the basis of religion, violating Title VII's protections for religious expression.

15. Defendant engaged in unlawful retaliation against Plaintiff for engaging in protected activity, including defending a coworker, and reporting discriminatory conduct.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages for emotional distress, pain and suffering, and reputational harm.

b. Award punitive damages to deter such conduct in the future.

c. Grant reasonable attorney's fees and costs associated with this action.

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Ronny Eason     *Ronny Eason 8/4/25*
35980 Cane Market Rd, Apt 5E
Denham Springs, LA 70706
EasonRonnyLynn@gmail.com
225-453-9143